UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,        Civil Action No. 04-cv-73348
                                          Honorable Marianne O. Battani
                                          Magistrate Judge David R. Grand

      v.

QUADRO B. WELLS,

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY AS MOOT DEFENDANT'S OBJECTION TO WRIT OF CONTINUING GARNISHMENT [17]**

**I.    RECOMMENDATION**

Before the Court is Defendant's Request for a hearing regarding the garnishment of his wages [17], which the Court construes as an objection to garnishment. The request for hearing was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [18]. For the following reasons, the Court RECOMMENDS that Defendant's objection be DENIED AS MOOT.

**II.    REPORT**

At issue are two student loans Defendant allegedly applied for and received in 1991 and 1992, respectively, but never paid back. [Cplt. at 3]. The United States sought and won a judgment against Defendant by default in 2005, [8] and in response Defendant wrote a letter informing the Court that he had lost his job and had no money to pay for the judgment against him. [10]. The United States subsequently sought a writ of continuing garnishment against Defendant and garnishee Michigan Department of Treasury, [11] and in September 2013 sought

and received another continuing writ of garnishment against Defendant and garnishee D.W.W.D. Incorporated. [14]. Defendant responded to the writ of garnishment on September 9, 2013, seeking a hearing on the matter. [17]. Defendant alleged that he did not benefit from the student loan at issue because the school he was attending shuttered its doors unexpectedly and took his money. (*Id.*). The United States responded, and presented the Court with documentation suggesting that the school closed in February 1993, after Defendant received the benefit of his 1991 and 1992 student loans. [21]. Garnishee D.W.W.D. Inc. subsequently notified the Court that it no longer employs Defendant. [22].

The Court held a hearing on October 21, 2013, which both parties attended. However, prior to the start of the hearing the parties notified the Court that they had reached a resolution, the terms of which were placed on the record. Because the parties have resolved the case short of a hearing on the merits, the Court recommends that Defendant's objection and request for a hearing be denied as moot.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's Request for a Hearing **[17],** construed as an objection to continued garnishment, be **DENIED AS MOOT**.

Dated: October 22, 2013        s/David R. Grand
Ann Arbor, Michigan        DAVID R. GRAND
        United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

                                                s/Felicia M. Moses
                                                FELICIA M. MOSES
                                                Case Manager

Dated: October 22, 2013